UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:06cr310 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Doc. No. 44] |
| GIONE V. SMITH, | : | |
| Defendant. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Gione Smith moves the court to suppress certain evidence. [Doc. 44]. The defendant seeks to stop the introduction of (1) evidence recovered at the scene of his May 22, 2006, traffic stop and arrest and (2) statements he made to police officers during and after the arrest. The Government opposes the motions to suppress. [Doc. 59]. For the reasons set forth below, the Court **DENIES** the defendant's motions to suppress.

I. Background

On May 22, 2006, Patrolman John Canterbury conducted radar speed limit enforcement on I-76 near Norton, Ohio. The patrolman clocked the defendant's car driving at 88 m.p.h. in a 65 m.p.h. zone. Independent of the radar device and based on his law enforcement experience, Patrolman Canterbury himself observed that the defendant's car was traveling well in excess of the speed limit. Canterbury stopped the defendant and asked for license and proof of insurance. The defendant provided a Florida driver's license. Canterbury checked the defendant's record through

Case No. 5:06cr310
Gwin, J.

the law enforcement database. The check revealed that Smith also had a suspended Ohio license and that there was an active Ohio arrest warrant as to Smith.

Two other officers, McDonald and Bectel, arrived on the scene. The officers arrested the defendant for driving under suspension and handcuffed him. The officers arranged for the defendant's vehicle to be towed and conducted an inventory search. They recovered ammunition, and an open container of vodka in the passenger compartment. After finding the ammunition but before advising Smith of his *Miranda* rights, Canterbury asked Smith if he had a gun. Smith said he had a disassembled firearm. The police searched some more and found a disassembled 9mm pistol. In the trunk, the officers found additional ammunition, a stun gun, and a drill.

The officers took Smith into custody and advised him of his *Miranda* rights on the way to the station. Smith agreed to speak, and eventually admitted to another officer, Lieutenant Hete, that the gun was his, but stated that he did not know about the contents of the trunk. The authorities charged Smith with being a felon in possession of a firearm.

## II. Legal Standard

*A. Statements*

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. A warrantless arrest passes muster under the Fourth Amendment when there is probable cause to believe a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

Whether probable cause exists "depends upon the reasonable conclusion to be drawn from

Case No. 5:06cr310
Gwin, J.

the facts known to the arresting officer at the time of the arrest." *Id.* The Court must determine "whether the officer's action was justified at its inception," and "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968)). Generally, any items seized or statements taken incident to an unlawful arrest will be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Consistent with the Fifth Amendment privilege against self-incrimination, a suspect may not be subject to a custodial interrogation until after being advised of his Miranda rights. *United States v. Salvo*, 133 F.3d 943, 948 (6th Cir. 1998). The Supreme Court has defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

A criminal defendant may waive his Miranda rights if the waiver is made voluntarily, knowingly, and intelligently. *Id.* To determine the nature of the waiver, the Court looks to the totality of the circumstances, including the defendant's background and experience. *Arizona v. Fulminante*, 499 U.S. 279, 285 (1991); *North Carolina v. Butler*, 441 U.S. 369, 374-75 (1979). The Government must prove the voluntariness of a waiver by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 482-84 (1972).

*B. Seized Items*

A criminal defendant may also move to suppress items seized pursuant to an unlawful arrest as fruit of the poisonous tree. The exclusionary rule bars the admission of items seized during an unconstitutional search. *Weeks v. United States*, 232 U.S. 383, 398 (1914). However, "evidence

Case No. 5:06cr310
Gwin, J.

may be admitted if the government can show that the evidence inevitably would have been obtained from lawful sources in the absence of illegal discovery." *United States v. Leake*, 95 F.3d 409, 412 (6th Cir. 1996). The Government can meet this burden "by establishing that, by following routine procedures, the police would inevitably have discovered the evidence." *United States v. Kennedy*, 61 F.3d 494, 500 (6th Cir. 1995).

### III. Analysis

The defendant asks the Court to suppress his statement*s* and the physical evidence recovered from the car. The Court denies the motion.

Patrolman Canterbury had probable cause to believe the defendant committed a traffic violation. Both the radar equipment and his own observation reasonably caused Canterbury to believe that the defendant was driving over the speed limit. The Court credits Canterbury's testimony on this point. *See United States v. Wellman*, 183 F.3d 651 (6th Cir. 1999) (probable cause for traffic stop where defendant drove eight miles over the speed limit).

The officers reasonably detained the defendant after the traffic stop to investigate the offense and check the defendant's record. *See United States v. Bradshaw*, 102 F.3d 204 (6th Cir. 1996) (officer making traffic stop may detain driver pending background check and issuance of citation). As part of Canterbury's investigation, he determined that the defendant had an outstanding warrant and drove under a suspended Ohio license. This information justified the officer's decision to arrest the defendant.

The Government does not contest that the defendant's pre-*Miranda* statement regarding the gun is properly suppressed. But the Court will not suppress the defendant's post-*Miranda* statements because of the earlier failure to abide by *Miranda*. *See Oregon v. Elstad*, 470 U.S. 298,

Case No. 5:06cr310
Gwin, J.

318 (1985). The defendant made the later statements voluntarily after being advised of his rights.

Finally, the Court finds that the physical evidence recovered from the defendant's car would have been inevitably discovered during an inventory search. *See United States v. Vite-Espinoza*, 342 F.3d 462 (6th Cir. 2003).

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** the defendant's motion to suppress. [Doc. 44].

IT IS SO ORDERED.

Dated: August 18, 2006          s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE