UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:06-CR-00310-001 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 87] |
| GIONE V. SMITH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant Defendant Gione Smith's ("Smith") motion for an extension of time to file a motion for a new trial and objections to his presentence investigation report. [Doc. 87.] Plaintiff United States of America ("the Government") opposes the Defendant's motion. [Doc. 97.]

Because the Defendant has filed a notice of appeal to the Sixth Circuit Court of Appeals as to his judgment and sentence, the Court **DENIES** the Defendant's instant motion for lack of jurisdiction.

**I. Background**

On August 21, 2006, a jury found Defendant Smith guilty of the offense of Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1). [Doc. 69.] On November 1, 2006, the Court entered the judgment and sentenced the Defendant to a prison term of 55 months with credit for time already served in relation to this matter. [Docs. 84, 85.] The Defendant filed a notice

-1-

Case No. 5:06-CR-00310-001
Gwin, J.

of appeal as to both the judgment and sentence on November 3, 2006.  [Doc. 86.]

On November 14, 2006, the Defendant filed the instant motion.  [Doc. 87.]  First, Defendant Smith informs the Court of a "conflict of interest" between himself and his appointed counsel.  *Id.*  Second, he asks the Court for an extension of time to file his motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  *Id.*  Third, Smith says that he wants to appeal the Court's denial of his motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  *Id.*  Finally, he requests another time extension to object to the enhancement portion of his presentence investigation report.  *Id.*  Defendant Smith alleges ineffective assistance of counsel to explain why these motions were not timely filed.  *Id.*  He says that his appointed counsel's failure to timely file a Rule 33 motion on his behalf, her failure to properly prepare for and timely object to the enhancement portion of his presentence investigation report, her failure to advise Smith that he could file a Rule 29 motion, and her failure to adequately pursue a Rule 29 motion justify the Court granting the relief requested above.  *Id.*  Finally, the Defendant submits his pro se motion for a new trial should the Court grant the requested extension.

On December 28, 2006, the Government responded.  [Doc. 97.]  The Government claims that the Court lacks jurisdiction over the Defendant's requests because "[g]iven that a notice of appeal has been filed this Court has been divested of jurisdiction."  *Id.*

## II. Discussion

The Court finds that it lacks jurisdiction to consider the Defendant's requests for an extension of time to file a motion for a new trial and objections to his presentence investigation report.

Case No. 5:06-CR-00310-001
Gwin, J.

When the Defendant filed his notice of appeal on November 3, 2006 [Doc. 86.], the Court lost jurisdiction over matters related to the merits of the appeal. The Sixth Circuit recently nullified another Northern District of Ohio district court's order granting a defendant a new trial because the order followed a notice of appeal that divested the court of its jurisdiction. *See United States v. Williams*, 2006 WL 3203748, 5-7 (6th Cir. 2006). In *Williams*, the Sixth Circuit described the standard governing when a district court loses jurisdiction upon a party's filing of a notice of appeal to the Sixth Circuit:

> It is indeed "settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir.1995). Thus, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir.1987). This general rule applies "unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 892 (6th Cir.1986).

*Williams,* 2006 WL at 6.

Like in *Williams*, this Court lacks jurisdiction because the Defendant's requested relief involves matters related to the merits of the appeal. *See id.* (citing *Fort Gratiot*, 71 F.3d at 1203). In his notice of appeal, Defendant Smith appeals "from sentencing and judgment entered in this action" on November 1, 2006. [Doc. 86.] With the instant motion, Defendant Smith also challenges the Court's sentencing and judgment. [Doc. 87.] Here, Smith wants the Court to consider the prosecutor's alleged misconduct and evidence presented at pre-trial hearings and during trial to find that he deserves a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. *See id.* Similarly, he would like the Court to reconsider his sentence based on his objection to the enhancement recommendation in the presentence investigation report. *See id.* If the Court chooses

-3-

Case No. 5:06-CR-00310-001
Gwin, J.

to rule on the Defendant's Rule 33 motion and objection to the presentence investigation report, it risks altering its judgment and sentence in a manner "not permitted while an appeal is pending." *See Williams*, 2006 WL at 6 (citing *Cincinnati Bronze*, 829 F.2d at 588).

Further, the exceptions to the general rule of divesting the district court of jurisdiction upon notice of appeal do not apply here. *See Williams*, 2006 WL at 6 (citing *Rucker*, 798 F.2d at 892 (6th Cir.1986)). First, the appeal was timely filed as it was filed on November 3, 2006, two days following the entry of the judgment on November 1, 2006. *See id*; *see also* FED. R. CRIM. P. 4(b)(1)(A). Second, the appeal is from an appealable, final order. *See Williams*, 2006 WL at 6; *see also* 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . modified . . . ; corrected . . . ; or appealed and modified . . . ; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Finally, the appellate court has not previously ruled upon the sentence or judgment in this case. *See Williams*, 2006 WL at 6.

Lastly, to the extent the Court has discretion in deciding whether to review the merits of a motion that relates to a sentence and judgment on appeal, this Court chooses to "let the appeal run its course." *See Dunham v. U.S.*, 486 F.3d 931, 935 (6th Cir. 2007) (in the civil context, granting the district court discretion to decide whether to review a Rule 60(b) motion while the judgment was pending appeal and finding no error when the district chose not to consider such a motion).

The Defendant makes two other statements warranting the Court's response. First, the Defendant said that he had a "conflict of interest" with his attorney that he was unable to resolve at the time of filing the instant motion. [Doc. 87.] The Defendant did not elaborate on the nature of the potential conflict nor on whether the conflict was related only to past issues or representation

-4-

Case No. 5:06-CR-00310-001
Gwin, J.

going forward. *See id.* The record indicates that this same attorney filed the notice of appeal on the Defendant's behalf and is listed as the Defendant's current attorney on his transmission form for appeal. [Docs. 86, 88.] The Defendant must now decide whether he wishes to maintain or discharge this attorney for purposes of his appeal.

Second, Defendant Smith indicates that he wishes to appeal the Court's denial of his oral motions for acquittal pursuant to Rule 29. Because the Defendant has filed a timely notice of appeal, as described above, all motions involving the merits of his appeal are now properly before the Sixth Circuit Court of Appeals.

### III. Conclusion

For the reasons described above, the Court **DENIES** the Defendant's motion for an extension of time to file a motion for a new trial and objections to his presentence investigation report. Further, the Court notes that the Defendant should now bring all matters related to the merits of his appeal challenging his judgment and sentence to the Sixth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: November 19, 2007          s/         *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE