UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                                :
GIONE V. SMITH                                   :
                                                                :   CASE NO. 5:06-CR-00310; 5:10-CV-01522
            Petitioner,                              :
                                                                :
vs.                                                         :   OPINION & ORDER
                                                                :   [Resolving Doc. Nos. 117 & 119]
UNITED STATES OF AMERICA,          :
                                                                :
            Respondent.                          :
                                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Petitioner, Gione Smith, files motion under 28 U.S.C. § 2255 to vacate his conviction and subsequent sentence. [Doc. 117.] The Respondent, United States of America, opposes the motion. [Doc. 119.] For the following reasons, the Court **DENIES** the Petitioner's motion.

**I. Background**

On May 22, 2006, the Petitioner was stopped by a patrolman near Akron, Ohio, for driving approximately twenty miles per hour over the posted speed limit. [Doc. 65 at 1.] The Patrolman requested the Petitioner's driver's license and registration, which showed that the Petitioner was driving with a valid Florida driver's license. [*Id.*] However, upon running the Petitioner's record through a law enforcement database twice, the patrolman found that Petitioner Smith also had a suspended Ohio driver's license. [*Id.* at 2.] Two other police officers arrived on the scene and Smith was arrested for driving with a suspended license and was handcuffed. [*Id.* at 2.] The Petitioner's

-1-

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

vehicle was towed and an inventory search of the vehicle was conducted. [*Id.* at 2.] During the search, the police officers found – among other items – ammunition, a disassembled firearm, a stun gun, and a drill. [*Id.* at 2.] The officers took Smith into custody and advised him of his *Miranda* rights. [*Id.* at 2.] Petitioner Smith agreed to speak and admitted that the firearm belonged to him. [*Id.* at 2.] This interrogation was not videotaped or recorded. *United States v. Smith*, 319 F. App'x 381, 383 (6th Cir. 2009). On May 22, 2006, Smith was indicted by a grand jury for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [Doc. 1.]

Prior to trial, Petitioner Smith moved to suppress evidence found inside the car on the grounds that the search violated his Fourth Amendment rights. [Doc. 44-1 at 2-5.] Smith argued that the scope of the search of his vehicle was excessive under the circumstances. [*Id.*] Smith also moved to suppress the statements that he made to the police following his *Miranda* warning. [*Id.* at 5-7.] On this point, Smith argued that since he made statements to the police prior to being given *Miranda* warnings that all of the statements made after the warnings should also be suppressed. [*Id.* at 5-7.] The Court denied the motion to suppress on both grounds. [Doc. 65.][1/] On August 21, 2006, a jury convicted Petitioner Smith of one count of violating 18 U.S.C. § 922(g). [Doc. 69.] On October 30, 2006, the Court sentenced Petitioner Smith to fifty-five months imprisonment. [Doc. 84.]

On November 8, 2006, Petitioner Smith filed an appeal with the Sixth Circuit Court of Appeals from the judgment of conviction. [Doc. 86.] The Petitioner raised several grounds in his appeal. He argued that the Court erred in not suppressing: (1) evidence found in the Petitioner's

---

[1/] The Court suppressed any statements made by the Petitioner prior to his receiving *Miranda* warnings. [Doc. 65.]

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

vehicle since it was unreasonable under the Fourth Amendment for the police to run a second computer license database check after the first check indicated Smith had a valid Florida driver's license; (2) the Petitioner's post-*Miranda* police station confession, as it allegedly violated the Fifth Amendment because it was not videotaped; (3) and evidence found in the trunk of the Petitioner's vehicle since it was unfairly prejudicial. Brief of Appellant, *United States v. Smith*, No. 06-4464. The Sixth Circuit considered these arguments and rejected them, affirming the conviction. *Smith*, 319 F. App'x at 383-85. In its decision, the Sixth Circuit wrote that the police acted properly in stopping and searching the Petitioner Smith's vehicle and also ruled that Smith's argument that his confession needed to be videotaped loses. *Id.* The Petitioner subsequently filed a writ of certiorari to the United States Supreme Court, which was denied on January 11, 2010. [Doc. 116.]

On July 9, 2010, the Petitioner filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2255. [Doc. 117.] The Petitioner requests that the Court reconsider its earlier evidentiary rulings and vacate the judgment of conviction. [Doc. 117.] Specifically, the Petitioner says (1) that his arrest was unlawful since he was driving with a valid Florida driver's license; (2) that all of the evidence seized from his vehicle must be suppressed as fruits of an unlawful arrest; (3) that his police station confession was unlawful under the Fifth Amendment since it was not videotaped; and (4) that his Sixth Amendment right to effective assistance of counsel was denied due to "conflicts of interest with counsel appointed to him." [Doc. 117.] The Government opposes the motion, saying that the Petitioner fails to establish any of the alleged grounds for relief. [Doc. 119.][2/]

**II. Analysis**

---

[2/] Since the Petitioner is proceeding *pro se*, "his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor." *Humphreys v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007) (citations omitted).

-3-

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

*II.A Fourth Amendment Violations* [3]

The Petitioner says that the police officers who arrested him and searched his vehicle violated his Fourth Amendment rights. In his Petition, Smith alleges two separate Fourth Amendment violations. First, Petitioner Smith says that his arrest was unlawful because he was driving with a valid Florida driver's license and because there were no outstanding warrants for his arrest on file. [Doc. 117 at 5.] Second, the Petitioner argues that the evidence seized from his vehicle must be suppressed as the fruits of an unlawful arrest. [*Id.*]

The Petitioner's Fourth Amendment claims are not reviewable – a habeas petitioner may not seek relief under the Fourth Amendment if he already had a full and fair opportunity to raise the claim. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Thus, "the only cases [validly] raising Fourth Amendment challenges on collateral attack are those . . . cases in which the state has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim [and] analogous federal cases under 28 U.S.C. § 2255." *United States v. Johnson*, 457 U.S. 537, 562 n.20 (1982).

The Petitioner already had an opportunity to fully and fairly litigate his first alleged Fourth Amendment violation in both a motion to suppress in this Court and on appeal to the Sixth Circuit. In his motion to suppress, Smith argued that the police lacked probable cause to arrest him since he was driving with a valid Florida driving license. [Doc. 44-1 at 4-5.] Smith also presented this argument to the Sixth Circuit on direct appeal. Brief of Appellant, *United States v. Smith*, No. 06-4464. The argument was rejected on the merits in both instances and this claim is not now

---

[3] As a preliminary matter, this petition is timely since it is brought within the one year statute of limitations. *See* 28 U.S.C. § 2255; *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). The Court also finds that the prisoner is "in custody," as is required under § 2255. *United States v. Ospina*, 386 F.3d 750, 752 (6th Cir. 2004).

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

cognizable on collateral attack.

Petitioner Smith's second alleged Fourth Amendment violation must also be rejected. In his petition, Smith says that his "[c]onviction [was] obtained by use of evidence gained pursuant to an unconstitutional search and seizure" and that his "vehicle was searched after an unlawful arrest." [Doc. 117 at 5.] The Petitioner seems to be making a fruits of the poisonous tree argument – saying that because the initial arrest was unlawful that any evidence found in his car during the ensuing search is therefore also inadmissible. The Petitioner's argument would have some merit if the arrest was unlawful. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963). However, as previously discussed, the argument that his arrest was unlawful has already been rejected by this Court and by the Sixth Circuit. Accordingly, the Court also rejects this alleged Fourth Amendment violation.[4]

*II.B Fifth Amendment Violations*

The Petitioner also says that the Court erred during the earlier criminal proceedings by not

---

[4] The Petitioner makes mention of the recent Supreme Court decision *Arizona v. Gant*, 129 S. Ct. 1710 (2009), acknowledging that his alleged Fourth Amendment violations were already raised on appeal, but requesting that they be reconsidered in light of *Gant*. In that decision, the Supreme Court addressed the scope of the "search-incident-to arrest" exception to the search warrant requirement. The Court held that under that exception, the police may "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Gant*, 129 S. Ct. at 1719.

At first blush, *Gant* seems to bring the legality of the search of the Petitioner's vehicle into question. The Petitioner was handcuffed and otherwise restrained when his vehicle was searched. However, the decision in *Gant* is actually not relevant in assessing the legality of the search of the Petitioner's vehicle. The search by which the firearm and ammunition were discovered was an inventory search. *See Smith*, 319 F. App'x at 384 (characterizing search as an inventory search). The Sixth Circuit has already ruled that the inventory search of the Petitioner's vehicle was lawful. *Id.*; *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976). That issue will not be revisited here.

The Supreme Court's narrowing of the search-incident-to arrest doctrine in *Gant* does not affect the existing case law governing inventory searches. *See, e.g.*, *United States v. Jones*, 2010 WL 1628049, at *14 (N.D. Ohio Apr. 7, 2010) (stating that *Gant* has no affect on the inventory search exception to the warrant requirement); *United States v. Rollins*, 2010 WL 3843776, at *4 (E.D. Tenn. Aug. 5, 2010) (same); *United States v. Avendano*, 373 Fed. Appx. 683 (9th Cir. 2010) (same). Accordingly, the Court declines to reconsider its prior Fourth Amendment rulings in light of *Gant*.

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

suppressing statements that he made to the police at the police station following his arrest. [Doc. 117 at 6.] The Petitioner says that the admission of these statements violated his Fifth Amendment rights because they were obtained without proper *Miranda* warnings and because they were not videotaped at the police station. [*Id.*] Neither of these Fifth Amendment claims may validly be raised in the current petition.

First, the Petitioner says that his police station statements must be suppressed since he made earlier statements to the police before being given *Miranda* warnings. [*Id.*] This argument is identical to one that was already made before this Court in the Petitioner's motion to suppress. [Doc. 44-1 at 5-7.] The Court rejected this argument after a hearing on the merits. [Doc. 65.] The Petitioner did not raise this particular issue on appeal to the Sixth Circuit. Brief of Appellant, *United States v. Smith*, No. 06-4464.

Except for a claim of ineffective assistance of counsel, a failure to raise a claim on direct appeal results in a procedural default of that claim. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show both cause that would excuse his failure to raise the claim previously and actual prejudice from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If the prisoner fails to establish cause, the Court need not determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623. If unable to show cause and prejudice, the prisoner may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley,* 523 U.S. at 622-23.

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

Here, the Petitioner presents no evidence to show "cause" for his failure to raise this issue on direct appeal. Thus, the Court finds that this claim is procedurally defaulted. Further, the Petitioner does not assert any grounds that would constitute a fundamental miscarriage of justice, such as actual innocence, which would allow the Court to proceed to the merits despite the default. Accordingly, the Court rejects the Petitioner's first Fifth Amendment argument.

Second, the Petitioner's argument that his Fifth Amendment rights were violated when the police did not videotape his interrogation is identical to the argument that he already presented on appeal. Brief of Appellant, *United States v. Smith*, No. 06-4464. Although the Sixth Circuit noted this issue was not properly preserved for appeal, it nonetheless considered it on the merits and rejected it as lacking any legal support. *Smith*, 319 F. App'x at 384-85 ("There is simply no authority to support this argument. In fact, other circuits have held that the police are not constitutionally required to videotape or audiotape such interviews."). "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quotations omitted); *Giraldo v. United States*, 1995 WL 290354, at *2 (6th Cir. 1995) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law"). The Petitioner presents no evidence of highly exceptional circumstances, such as new facts or a change in the law, to justify re-hearing this argument. The issue of whether Petitioner had a right to have his interrogation videotaped was raised and rejected on appeal and Smith is not entitled to litigate that same issue on the current motion. Thus, the Court rejects the Petitioner's second alleged Fifth Amendment violation.

*II.C Ineffective Assistance of Counsel*

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

To prove a claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set out by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006). A Petitioner bringing a § 2255 petition bears the burden of proving his claim and must do so by a preponderance of the evidence. *Pough*, 442 F.3d at 965; *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003). Additionally, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

To prove the first prong of the claim, a petitioner must establish that his "counsel's performance was deficient, . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To prove deficient performance a petitioner must identify specific acts that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Indeed, defendants alleging ineffective assistance of counsel bear "a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005).

To satisfy the second prong under *Strickland*, a petitioner must generally show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

sufficient to undermine confidence in the outcome of the proceedings. *Id.* In cases where a conflict of interest is alleged, prejudice is presumed when "counsel is burdened by an actual conflict of interest." *Strickland,* 466 U.S. at 692. Prejudice will only be presumed if the defendant "demonstrate that counsel actively represented conflicting interest and that an actual conflict of interest adversely affected his lawyer's performance." *Strickland,* 466 U.S. at 692 (internal quotations omitted); *Stewart v. Wolfenbarger,* 468 F.3d 338, 350 (6th Cir. 2006). However "[a mere] possibility of conflict is insufficient to establish a violation of [the petitioner's] Sixth Amendment rights, and no violation occurs where the conflict is irrelevant or [ ] hypothetical." *Harbison v. Bell,* 408 F.3d 823, 836 (6th Cir. 2005).

The Petitioner "has a Sixth Amendment right to conflict-free representation by his counsel." *Gillard v. Mitchell,* 445 F.3d 883, 890 (6th Cir. 2006) (citing *Smith v. Anderson,* 689 F.2d 59, 62-63 (6th Cir. 1982)). In proving that he was denied that right, Petitioner says that his counsel's performance was deficient since he allegedly "continued to have conflicts of interest with counsel appointed to him." [Doc. 117 at 5.] The Petitioner though does not specify the nature of the asserted conflict, nor does he identify any acts or decisions that counsel should or should not have taken during the course of the representation. [*Id.*]

Even liberally construing the pleadings in the Petitioner's favor, Petitioner Smith has failed to satisfy either prong of his claim of ineffective assistance of counsel. First, the Petitioner does not identify any decisions or specific acts that were "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690. Indeed, the Petitioner does not claim that his attorney made any unreasonable, or even incorrect, decisions. Thus, the Petitioner fails to carry his burden of proving deficient performance under the first prong of the *Strickland* test for ineffective assistance

-9-

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.
of counsel.

Second, the Petitioner advances only a conclusory allegation of a conflict of interest, supported by absolutely no facts or evidence. This allegation alone is insufficient to carry his burden of proving prejudice under the second prong of his claim of ineffective assistance of counsel. *See Strickland*, 466 U.S. at 693 (stating that the defendant must demonstrate that counsel is conflicted to show prejudice); *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000) (same). Indeed, to prove a conflict of interest, a petitioner must point to "specific instances in the record to suggest an actual conflict or impairment of interests . . . [and] must make a factual showing of inconsistent interests." *Hall*, 200 F.3d at 965 (internal quotations omitted). The Petitioner falls far short of carrying this burden. Based on the current petition, the Court is unable to imagine any conflicts that Petitioner Smith may have had with his defense attorney. For the bulk of his criminal proceedings and his entire appeal, the Petitioner's attorney was a federal public defender who, to the Court's knowledge, was not conflicted in any way.

The Court also declines to hold an evidentiary hearing on the alleged conflict of interest. A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Where a Petitioner presents no evidence "beyond mere allegation," no evidentiary hearing is necessary. *White v. United States*, 1994 WL 20094, at *4 (6th Cir. Jan. 24, 1994). Since the Petitioner only makes a conclusory allegation and proffers no factual information that leads the Court to believe that any evidence of conflict could be proven, the Court declines to hold an evidentiary hearing. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (evidentiary hearing is not required

Case No. 5:06-CR-00310; 5:10-CV-01522
Gwin, J.

where petitioner's allegations are merely conclusions rather than statements of fact).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: October 27, 2010
                                             s/         *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE